UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARAB STUDENT UNION OF<br>JACKSON–REED HIGH SCHOOL<br><br>                Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>                Defendants. | No. 1:24-cv-_____ |

**MOTION FOR LEAVE TO ALLOW PLAINTIFF'S DECLARANTS
TO BE IDENTIFIED USING DESCRIPTIVE TERMS**

Plaintiff hereby moves the Court to allow two non-parties who are submitting declarations in support of its motion for a preliminary injunction to be identified using the descriptive terms "ASU Member" and "Faculty Sponsor" instead of their real names or their real initials (one of the declarants is a minor) in public filings. Plaintiff does not know the identity of Defendants' attorneys and therefore has been unable to request their consent to this motion.

In support of this motion, Plaintiff states as follows:

This case involves the free speech rights of a student club and its members at a local high school. The student members wish to engage in expression relevant to the ongoing conflict in Gaza from a pro-Palestinian point of view—screening a documentary film, advertising that screening with posters, handing out literature, organizing a presentation about Palestinian culture—but the school has severely limited their ability to do so. The Plaintiff student organization is filing declarations in support of its motion for a preliminary injunction from two individuals who are not parties to the case. Both declarants have knowledge of relevant facts. One declarant is a student member of the club and is a minor. The other declarant is the club's

faculty sponsor. They wish to protect their identities from public disclosure. Accordingly, this motion does not present the familiar situation of a *party* wishing to litigate pseudonymously.

Whereas pseudonymity requests by parties are strongly disfavored because "[t]he people have a right to know who is using their courts," *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)), granting anonymity to these non-party declarants would not deprive the people of that right. Still, the analysis used for party pseudonymity requests may provide a useful framework for analyzing these requests on behalf of non-parties. In *In re Sealed Case*, 971 F.3d 324 (D.C. Cir. 2020), the D.C. Circuit set out the following "five non-exhaustive factors," *id*. at 326:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> [3] the ages of the persons whose privacy interests are sought to be protected;
> [4] whether the action is against a governmental or private party; and, relatedly,
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*In re Sealed Case*, 971 F.3d 324, 326–27 (D.C. Cir. 2020) (quoting *In re Sealed Case*, 931 F.3d 92, 97 (alterations in original)).

Applying this analysis—which should be relaxed for a request on behalf of non-parties—Plaintiff should be granted permission to file the two declarations in support of its motion for a preliminary injunction using descriptive terms, in order to protect the non-party declarants' privacy interests in safeguarding their identities.

**Reason for seeking anonymity.** The first factor weighs in favor of allowing anonymity because the purpose of Plaintiff's request is to preserve its declarants' privacy in a sensitive matter, rather than merely to avoid annoyance and criticism. *See In re Sealed Case*, 971 F.3d at

2

327. Although this factor "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors," *id.*, the D.C. Circuit has made clear that the analysis is "flexible and fact driven." *Id.* at 326. Indeed, this Court found the first factor to weigh in favor of pseudonymity when a Plaintiff's identity as a covert U.S. intelligence officer was "surely sensitive." *Doe v. Austin*, No. 22-cv-3474, 2024 WL 864197, at *3 (D.D.C. Feb. 29, 2024). Here, the identities of the non-party declarants are sensitive because the club's pro-Palestinian point of view and the current situation in the Middle East make their support of the club's expression quite controversial and likely to cause retaliation, as discussed in the next section. Therefore, public disclosure of the declarants' identities, in connection with such support, would be likely to "impede on [their] personal li[ves]." *Id.* In the similar context of a motion for leave for a witness to testify under seal, this Court granted such a motion where the witness "has not previously testified publicly (or otherwise) with respect to the matters now before [the] Court," and where, "although the witness is willing to testify in this case, he believes that his safety would be put at risk if his testimony were made part of the public record." *Hamen v. Islamic Republic of Iran*, 318 F. Supp. 3d 194, 198 (D.D.C. 2018) (internal quotation marks omitted; alteration in original).

**Retaliation**. Such anticipated negative reactions also support a finding that the second factor weighs in favor of anonymity because there is a substantial risk of retaliation against the declarants who, as non-parties, warrant increased protection by the Court. *See In re Sealed Case*, 971 F.3d at 326. While the declarants' identities may be discerned by people at the High School, they are not worried about retaliation from fellow students or teachers. Rather, declarants are concerned that broader public disclosure of their identities in court filings will result in harassment, online trolling, doxing, and perhaps other forms of retaliation by members of the

3

general public. Over the past six months since the current Israeli-Palestinian conflict began, there have been numerous examples of swift and substantial retaliation against people who speak out in support of Palestine. For example, there is an organization called Canary Mission that "compiles dossiers on student activists [and others] … which it considers be anti-Israel or antisemitic, and has said that it will send the names of listed students to prospective employers."[1] In recent months, the University of Southern California "banned the university's class of 2024 valedictorian, who is Muslim and South Asian, from speaking at its May 10 commencement, citing safety concerns over her pro-Palestinian views that some have criticized as antisemitic."[2] A Palestinian University of Chicago student lost a job offer simply because he included a Palestinian flag in his Instagram bio, joining "other Chicago-area college students and recent graduates whose support for Palestinian rights has had real-life repercussions, from lost jobs to being targeted by anti-Palestinian websites."[3] In New York, two major law firms "rescinded job offers to law students who signed on to public statements supporting Palestine." And in Florida, a public school teacher was placed on leave simply for sending a letter to the superintendent and school board "asking for the district to 'publicly recognize the Palestinian community' in its communications about the Israel-Hamas war."[4] Plaintiff's declarants should not have to risk

---

[1] *Canary Mission*, at https://en.wikipedia.org/wiki/Canary_Mission (footnotes omitted) (last accessed April 23, 2024).

[2] Victoria Ivie, *USC cancels Muslim valedictorian's commencement speech, citing safety concerns*, Los Angeles Daily News, April 17, 2024, *available at* https://www.dailynews.com/2024/04/16/usc-cancels-valedictorians-commencement-speech-citing-safety-concerns/.

[3] Mary Norkol, Students supporting Palestinian rights say they lost out on jobs, were targeted online for their activism, Chicago Sun-Times, Jan. 28, 2024, *available at* https://chicago.suntimes.com/2024/1/28/24011297/students-palestinian-careers-activism-jobs-israel-hamas-war-loyola-depaul.

[4] Katherine Kokal, *Palm Beach County teacher put on leave after email to superintendent on Israel-Hamas war*, Palm Beach Post, Nov. 16, 2023, *available at*

these kinds of consequences in order to provide the Court with their first-hand knowledge about the relevant facts in this case.

**Age**. The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *In re Sealed Case*, 971 F.3d at 326. Regarding the declarant who is a minor, this Court has recognized that "courts undoubtedly have a special obligation to protect the interests of minors," *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 9 (D.D.C. 2013), and this Court has already determined that the public is not entitled to know the identities of minors by providing, in Local Civil Rule 5.4(f)(2), that minors shall be referred to only by initials. However, some members of the public would likely be able to deduce the minor's name from their initials in light of the small size of the ASU and club members' internet presence; allowing the minor to provide a declaration as "ASU Member" would simply make effective the protection that this Court wishes to provide to minors.

The non-minor declarant's age does not weigh for or against pseudonymity. *See Doe v. Fed. Republic of Germany*, 680 F. Supp. 3d 1, 5-6 (D.D.C. 2023), *reconsideration denied*, CV 23-1782 (JEB), 2023 WL 4744175 (D.D.C. July 21, 2023) (finding that because the requesting party was not a minor, the third factor, regarding age, was neutral).

Thus, the third factor weighs in favor of allowing the minor declarant to proceed anonymously and is neutral as to allowing the adult declarant to proceed anonymously.

**Defendants' identity**. The fourth factor asks "whether the action is against a governmental or private party." *In re Sealed Case*, 971 F.3d at 326. Although "there is heightened public interest when an individual or entity files suit against the government," *id.* at

---

https://www.palmbeachpost.com/story/news/education/2023/11/16/florida-lawmaker-seeks-discipline-for-teacher-over-israel-hamas-war-email/71603481007/.

329, there will be no interference with this public interest if the non-party declarants in this case are permitted to proceed pseudonymously because the nature of their roles and their participation in relevant events is made clear in their declarations. Additionally, the nature of this case does not heighten the public's interest in the identity of the declarants, unlike in, for example, *In re Sealed Case*, where the public's interest in knowing the identity of the plaintiff was heightened because the plaintiff was a regulated entity suing the government for a statutory exemption. 971 F.3d at 326. With respect to this factor, this case more closely resembles *Doe v. Garland*, No. 21-mc-44, 2021 WL 3622425 (D.D.C. Apr. 28, 2021), where this Court found only a slight public interest in disclosing a plaintiff's identity in an employment discrimination case against the government, because there was "nothing about these proceedings … that creates any need for transparency with respect to the plaintiff's identity." *Id.* at *3. In this case, there is similarly nothing about the substance of the lawsuit that requires disclosing the identities of the declarants—and of course the identity of the Plaintiff is public. Therefore, this factor is neutral.

**Risk of unfairness to the opposing party**. The final factor weighs in favor of anonymity because allowing these non-party declarants to proceed anonymously presents no risk of unfairness to the opposing party. The declarants do not seek to conceal their identities from Defendants or from the Court. Because Defendants will know declarants' true identities, Defendants will "have the necessary information to defend against [Plaintiff's] claims." *M.A. v. Mayorkas*, CV 23-1843 (JEB), 2023 WL 5321924, at *3 (D.D.C. July 6, 2023).

\*    \*    \*

Thus, each factor weighs in favor of or is neutral towards allowing Plaintiff's declarants to be identified using descriptive terms. Moreover, the countervailing interests in public disclosure of their actual names (or initials) are minimal or nonexistent. The public will know the declarants' roles, as a student member of the Plaintiff club and as its faculty sponsor; the public's

6

interest, if any, in knowing their names is negligible. While the issues Plaintiff raises in this lawsuit are matters of concern to the general public, the public will be able to gain as complete an understanding of those issues based on anonymous declarations as it could from declarations using the declarants' names.

For the foregoing reasons, Plaintiff's declarants should be permitted to use descriptive terms to identify themselves in their declarations in support of Plaintiff's motion for a preliminary injunction.

April 24, 2024                                         Respectfully submitted,

*Arthur B. Spitzer*
Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
Eleanor DeGarmo[*]
American Civil Liberties Union Foundation
  of the District of Columbia
529 14th Street, NW, Suite 722
Washington, DC 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org
edegarmo@acludc.org

*Attorneys for Plaintiff*[**]

---

[*] Eleanor DeGarmo graduated from the Georgetown University Law Center in February 2024 and has been informed that she passed the February 2024 District of Columbia administration of the Uniform Bar Examination. She is awaiting admission to the D.C. Bar.

[**] Counsel wish to acknowledge the assistance of paralegal Elaine Stamp in the preparation of this motion.