UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARAB STUDENT UNION OF JACKSON-REED HIGH SCHOOL**<br><br>    Plaintiff,<br><br>    v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>    Defendants. | **Civil Action No. 1:24-cv-01195-ACR** |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE
AN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

On April 24, 2024, Plaintiff—a student union at a local high school—filed and served on Defendants a complaint [1] and motion for preliminary injunction [2] seeking an order allowing the union's student membership to engage in certain Pro-Palestinian expressive conduct without interference by school administration staff.  According to LCvR 65.1, any opposition to Plaintiff's motion is due within seven days of service—by next Wednesday, May 1.  Combined, Plaintiff's motion and complaint total 70 pages of text; the allegations are supported by two declarations setting forth a factual record spanning five months of interactions between Plaintiff's members and school staff; and the legal issues at stake are complex, to say the least.  The undersigned, having been assigned yesterday, April 25, are diligently reviewing the pleadings but require additional time—12 days, until Monday, May 13—to complete that process, interview school staff member witnesses, and prepare an appropriate response to Plaintiff's motion for preliminary injunction.  This Court has authority to grant an extension to that effect on a showing of good cause.  Fed. R. Civ. P. 6(b)(1)(A); *cf. Mann v. Castiel*, 681 F.3d

368, 375 (D.C. Cir. 2012) ("good cause" generally encompasses any "valid reason" for delay). And Defendants submit that good cause exists, for the reasons explained above.

Defendants initially anticipated requesting a two-week extension, until May 15, and proposed that date to Plaintiff's counsel earlier today.  The Parties then conferred via a series of emails:  Plaintiff offered consent to a shorter extension—until May 6—and to reply in support of the motion for preliminary injunction in two days; and the undersigned, in the interest of compromise, then proposed a 12-day extension, until May 13 (as requested by this Motion), with Plaintiff replying by May 15, and the Court hearing any argument as soon as May 17, a date that is currently available for both party's counsel.  The result, therefore, is that Plaintiff does not consent to this Motion and intends to file a response, including by requesting an earlier hearing date.  *See* LCvR 7(m).  Plaintiff, however, delayed some five months in bringing this action after the factual predicate for the complaint first materialized, in effect, causing its own emergency; and, practically speaking, the Court could grant meaningful relief on Plaintiff's timeline (i.e., by the end of the school year) even with a 12-day extension for Defendants' opposition.  So, in the end, Plaintiff cannot credibly claim prejudice if the Court grants this Motion.  No other court-ordered dates or deadlines will be affected.

Pursuant to LCvR 7(a), this Motion includes all supporting points of law and authority. A proposed order follows, as required by LCvR 7(c).

| | |
|---|---|
| Date: April 26, 2024 | Respectfully submitted,<br><br>BRIAN L. SCHWALB<br>Attorney General for the District of Columbia<br><br>STEPHANIE E. LITOS<br>Deputy Attorney General<br>Civil Litigation Division |

/s/ Matthew R. Blecher
MATTHEW R. BLECHER [1012957]
Chief, Equity Section, Civil Litigation Division

/s/ Marcus D. Ireland
MARCUS D. IRELAND [90005124]
THOMPSON J. HANGEN*
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 702-2910
Email: marcus.ireland@dc.gov

*Counsel for Defendants*

---

\* Counsel is a member in good standing of the Virginia State Bar, authorized by the Office of the Attorney General for the District of Columbia to provide legal services pursuant to Local Civil Rule 83.2(g). Counsel certifies that he is personally familiar with the Local Rules of this Court as well as the other materials set forth in Local Civil Rules 83.8(b) and 83.9(a).